UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

**F I L E D**

JUN 2 3 2010

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 10 CR 50005 |
| | ) | Judge Philip G. Reinhard |
| MARCUS ANDERSON, | ) | |
| also known as "Leroy" | ) | |

## PLEA AGREEMENT

1.     This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant MARCUS ANDERSON, and his attorney, PAUL E. GAZIANO, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below.  The parties to this Agreement have agreed upon the following:

## Charges in This Case

2.     The indictment in this case charges defendant with unlawfully dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A) (Count 1), and selling firearms to a conviction felon, in violation of 18 U.S.C. § 922(d)(1) (Counts 2, 3, and 4).

3.     Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4.     Defendant fully understands the nature and elements of the crimes with which he has been charged.

## **Charge to Which Defendant is Pleading Guilty**

5.     By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Count 1 of the indictment which charges defendant with unlawfully engaging in the business of dealing in firearms without a federal firearms dealer's license, in violation of 18 U.S.C. § 922(a)(1)(A).

## **Factual Basis**

6.     Defendant will plead guilty because he is in fact guilty of the charge contained in Count 1 of the indictment.  In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt.  Between June 29, 2009, and August 24, 2009, in Rockford, Illinois, defendant willfully engaged in the business of dealing in firearms by buying and selling them for profit without have previously obtained a federal firearms dealer's license from the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF").  During that time period, defendant purchased firearms in various locations in Rockford and from various individuals.  Defendant then resold the firearms for a profit at a store located on Broadway in Rockford to an individual that was cooperating ("CI") with the ATF.

a.     On one occasion (August 7, 2009), defendant called the CI and discussed defendant having a .40 caliber pistol for sale.  The CI agreed to buy the pistol from defendant.  Defendant sent another individual to the store to drop off the .40 caliber pistol with the CI and to pick up the money for the sale.

2

      b.      On another occasion (August 11, 2009), defendant accompanied another individual to the store on Broadway. Defendant stayed outside while the other individual went in and tried to sell a Harrington & Richardson .32 caliber revolver to the CI. When the other individual did not like the amount of money the CI was offering to buy the revolver, the other individual went outside and spoke with defendant. Defendant then called the CI and complained about the amount of money that the CI had offered. The other individual went back inside the store and sold the .32 caliber revolver to the CI. The other individual then shared the use of the proceeds from the sale of the revolver with defendant.

      c.      The 7 firearms that defendant either sold or in which defendant assisted in the sale of to the CI were a Westerfield 12 gauge shotgun sold on June 29, 2009, a Glock 9 mm. pistol sold on August 6, 2009, a Smith & Wesson .40 caliber pistol sold on August 7, 2009, a Harrington & Richardson .32 caliber revolver sold on August 11, 2009, an FIE 12 gauge shotgun and a Smith & Wesson .38 caliber revolver sold on August 21, 2009, and a Llama .45 caliber pistol sold on August 24, 2009.

      7.      Defendant also acknowledges that for the purpose of computing his sentence under the Sentencing Guidelines, the following conduct, to which he stipulates, constitutes relevant conduct under Guideline §1B1.3. In 2009, defendant knowingly sold the firearms listed in Counts 2, 3, and 4 of the indictment to an individual that defendant knew and had reasonable cause to believe had previously been convicted of a crime punishable by imprisonment for a term exceeding one year. Specifically, defendant sold the firearms to a

3

felon on the following dates: a Glock 9 mm. pistol on August 6, 2009, an FIE 12 gauge shotgun and a Smith & Wesson .38 caliber revolver on August 21, 2009, and a Llama .45 caliber pistol on August 24, 2009.

## Maximum Statutory Penalties

8.      Defendant understands that the charge to which he is pleading guilty carries a statutory maximum sentence of 5 years' imprisonment and a maximum fine of $250,000. Defendant further understands that with respect to Count 1 the judge also may impose a term of supervised release of not more than 3 years or a term of probation of not less than 1 nor more than 5 years. In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the count to which he has pled guilty, in addition to any other penalty imposed.

## Sentencing Guidelines Calculations

9.      Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

10.     For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a.      **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding

4

the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2009 Guidelines Manual.

      b.    **Offense Level Calculations.**

      i.    The base offense level for the charge in Count 1 of the indictment is 12, pursuant to Guideline §2K2.1(a)(7).

      ii.    The offense level is increased by 2 levels to level 14, pursuant to Guideline §2K2.1(b)(1)(A), as the offense involved more than 3 firearms.

      iii.    The offense level is increased by 4 levels to level 18, pursuant to Guideline §2K2.1(b) (5), as defendant was engaged in the trafficking of firearms.

      iv.    Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline §3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

      v.    In accord with Guideline §3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline §3E1.1(b), if the Court determines the

offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

      c.    **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government and stipulated below, defendant's criminal history points equal 13 and defendant's criminal history category is VI.

      i.    On or about September 23, 2004, defendant was convicted of retail theft in Winnebago County Circuit Court case number 04 CM 6810 and sentenced to 12 months conditional discharge. This conviction results in 1 criminal history point.

      ii.    On or about February 14, 2006, defendant was convicted of obstructing justice and criminal trespass in Winnebago County Circuit Court and sentenced to 180 days in jail and 24 months probation. This conviction results in 2 criminal history points.

      iii.    On or about July 17, 2006, defendant was convicted of theft in Winnebago County Circuit Court case number 06 CM 5009 and sentenced to 6 days in jail and 12 months conditional discharge. This conviction results in 1 criminal history point.

      iv.    On or about December 3, 2008, defendant was convicted of retail theft in Cook County Circuit Court case number 2008 12612510 and sentenced to 6 months supervision. This conviction results in 1 criminal history point.

v.     On or about May 7, 2009, defendant was convicted of possession of cannabis in Winnebago County Circuit Court case number 09 CM 2076 and sentenced to 6 days in jail and 12 months conditional discharge. This conviction results in 1 criminal history point.

vi.     On or about August 20, 2009, defendant was convicted of criminal trespass to a building in Winnebago County Circuit Court and sentenced to 60 days in jail and 24 months probation. This conviction results in 2 criminal history points.

vii.     On or about November 23, 2009, defendant was convicted of criminal trespass to a building in Winnebago County Circuit Court and sentenced to 90 days in jail and 24 months conditional discharge. This conviction results in 2 criminal history points.

viii.     The defendant committed the instant offense while under a criminal justice sentence, namely conditional discharge and probation, which results in the assignment of 2 criminal history points.

ix.     The defendant committed the instant offense less than two years after release from imprisonment, which results in the assignment of 1 criminal history point.

d.     **Anticipated Advisory Sentencing Guidelines Range.**  Therefore, based on the facts now known to the government, the anticipated offense level is 15, which, when combined with the anticipated criminal history category of VI, results in an anticipated

7

advisory Sentencing Guidelines range of 41 to 51 months' imprisonment, in addition to any supervised release and fine the Court may impose.

               e.      Defendant and his attorney and the government acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional Guideline provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

               f.      Both parties expressly acknowledge that this plea agreement is not governed by Fed.R.Crim.P. 11(c)(1)(B), and that errors in applying or interpreting any of the Sentencing Guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

## Agreements Relating to Sentencing

11.     The government agrees to recommend that the Court impose a sentence of imprisonment at the low end of the applicable guidelines range.

12.     Defendant reserves the right to seek a variance from or sentence outside of the applicable guidelines range. The government will oppose any such motion.

13.     It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above.  Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

14.     The parties further agree, pursuant to 18 U.S.C. § 3583(d), that the sentence to be imposed by the Court shall include, as a condition of any term of supervised release or probation imposed in this case, a requirement that defendant repay the United States $2,440 as compensation for government funds that defendant received during the investigation of the case.

15.     Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

16.     After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the indictment as to this defendant.

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

17.     This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case number 10 CR 50005.

18.     This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

19.     Defendant understands that by pleading guilty he surrenders certain rights, including the following:

10

a.  **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

i.  The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii.  If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii.  If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

11

        iv.     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

        v.     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

        vi.     At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

        vii.     At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

        b.     **Appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed with 14 calendar days of the entry of the judgment of conviction.

c.     Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

20.    By entering this plea of guilty, defendant also waives any and all right the defendant may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Defendant fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

## Presentence Investigation Report/Post-Sentence Supervision

21.    Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

22.    Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or

13

refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of his sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of 18 U.S.C. § 1001 or as a contempt of the Court.

23.     For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in 26 U.S.C. § 6103(b).

### Other Terms

24.     Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

25.     Defendant understands that the government has the right to seek defendant's truthful testimony before a grand jury or a district court.

14

## Conclusion

26.     Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

27.     Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

28.     Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

29.     Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

30.     Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney.  Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.


AGREED THIS DATE: _____ Jun 23, 2010


PATRICK J. FITZGERALD
United States Attorney

MARCUS ANDERSON
Defendant


JOHN G. MCKENZIE
Assistant United States Attorney

PAUL E. GAZIANO
Attorney for Defendant

16